FIRST NATIONAL BANK OF WILBER V. J. W. RID-
PATH.

FILED FEBRUARY 4, 1896.   No. 6026.

Principal and Agent: AUTHORITY: EVIDENCE: RATIFICATION.
   When the extent of an agent's authority is in issue, no special instructions having been given to him, his actual authority to do a particular act in connection with the transaction may be inferred from proof that the principal had authorized or ratified similar acts in connection with past transactions of the same character, and entrusted to the agent under similar circumstances.

ERROR from the district court of Saline county. Tried below before BUSH, J.

*J. H. Grimm* and *E. W. Metcalfe,* for plaintiff in error.

References: Story, Agency, sec. 133; 1 Am. & Eng. Ency. Law, pp. 353-357; *British American Mortgage Co. v. Tibballs,* 63 Ia., 468; *Robinson v. Anderson,* 106 Ind., 152; *Adams v. Nebraska City Nat. Bank,* 4 Neb., 370; *Marseilles Mfg. Co. v. Morgan,* 12 Neb., 66; *Alexander v. Graves,* 25 Neb., 453; *Stump v. Richardson County Bank,* 24 Neb., 522.

*Hastings & McGintie, contra.*

IRVINE, C.

This was an action of replevin by the plaintiff in error against the defendant in error for certain live stock which the plaintiff in error claimed under a chattel mortgage executed by the defendant in error to Lytle & Maynard, to secure a note which had been sold by Lytle & Maynard to the plaintiff in error. There was a verdict and judgment for the defendant, which the plaintiff seeks to reverse.

The most important assignment of error is that the verdict is not sustained by the evidence. The evidence shows that Ridpath gave to Lytle & Maynard his promissory note for $279.77, May 22, 1891, payable one month after date. This note was sold to the plaintiff bank, and was secured by chattel mortgage on the stock in controversy. Before the note became due it was sent to the Bank of Western by the plaintiff for collection. Lytle & Maynard were both officers of the Bank of Western. Maynard was its president. The evidence tends to show that instead of collecting the note the Bank of Western took a new note, again to the order of Lytle & Maynard, and a new mortgage on the same

property. Ridpath knew nothing of the plaintiff's ownership of the old note. It bears a general indorsement by Lytle & Maynard and nothing indicating its ownership. There is also evidence tending to show that the new note and mortgage passed into the possession of a third party, who endeavored to collect the debt. It also appears from the testimony of the cashier of the plaintiff bank that prior to this transaction the plaintiff had done a good deal of business with the Bank of Western, and Lytle & Maynard, and it had been the plaintiff's custom to send notes purchased of Lytle & Maynard or the Bank of Western to the Bank of Western for collection; and that frequently, instead of collecting such notes, the Bank of Western had procured renewal notes and sent them to the plaintiff in lieu of payment. We think this evidence sustains the verdict. Where the authority of an agent is in issue, proof of the exercise by him, with the knowledge of the principal, of similar authority in past transactions may be material in two respects. In the first place, where notice is brought home to the person with whom a contract is made, such evidence tends to show that the agent was acting within the scope of his apparent authority, and so tends to bind the principal, even though actual authority in the particular instance be disproved. In the second place, the exercise of such authority in past transactions known to the principal tends to prove that in the particular transaction in question the agent possessed actual authority, there being no special instructions. Because where an agent under certain circumstances has been permitted to exercise a certain authority, the principal knowing the facts, and a similar transaction is entrusted to him under the same

circumstances as before, and without special instructions, the presumption is his authority is the same. In this case there is no evidence that this particular note was not sent under the same circumstances and with the same authority on the part of the Bank of Western which existed with regard to similar notes which had been sent it. Therefore the jury was justified in inferring from the fact that other notes sent by plaintiff to the Bank of Western had been satisfied by the taking of renewal notes therefor, that the Bank of Western had similar authority in this case. If such authority existed Ridpath should not suffer, if, as seems to be the case, the agent was dishonest and disposed of the new security to a stranger instead of sending it to its principal.

The foregoing considerations really dispose of the merits of the case. The giving of certain instructions requested by the defendant is assigned as error; but the assignment is directed *en masse* against the whole group of instructions, and some are manifestly correct. Error is also assigned upon the giving of the single instruction given by the court of its own motion. It will not be necessary to quote this instruction, because it is in accord with the rule we have already stated in considering the sufficiency of the evidence.

The admission in evidence of the second mortgage is assigned as error. The objection to its receipt was that it was incompetent, immaterial, and irrelevant. The instrument offered was one properly certified by the county clerk as a copy of the instrument on file in his office. It was therefore competent. (Code of Civil Procedure, sec. 408; Compiled Statutes, ch. 32, sec. 14.) It was relevant and material, because there was sufficient in the

parol testimony to identify it as the mortgage which had been given in satisfaction of that on which plaintiff bases its claim.

An argument is made to the effect that no renewal of a mortgage debt, no matter in what form the new debt is evidenced, satisfies the mortgage; but here not only was the evidence of indebtedness changed, but a new security was taken, as the defendant testifies, in satisfaction of the old. This, no doubt, extinguished the existing mortgage.

JUDGMENT AFFIRMED.